**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

| | |
|---|---|
| **GREGORY SALVI**<br>Reg. No. 46731-424 | **PETITIONER** |
| v.             Case No. 2:20-cv-00016 JTK | |
| **DEWAYNE HENDRIX,**<br>*Warden, FCI Forrest City* | **RESPONDENT** |

**MEMORANDUM AND ORDER**

Gregory Salvi, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus on January 24, 2020, pursuant to 28 U.S.C. § 2241, seeking credit to his prison sentence for time spent on conditions of release that included home incarceration with electronic monitoring prior to his surrender to the United States Marshal. In the Traverse, Salvi appears to also seek a sentence reduction based on COVID-19 concerns. The Court construes Salvi's argument as one for compassionate release, stating he tested positive for COVID–19 on May 1, 2020 and has remained in lock down since April 1, 2020. He argues granting him credit for time spent on home incarceration would reduce the amount of time spent in prison, and while not the "main reason" he seeks release, would provide prophylactic leeway to considerations of his health and safety. For the reasons that follow, the petition is denied.

I.

Salvi, a former Illinois police detective, was charged in a two-count criminal information in the United States District Court for the Northern District of Illinois, with

attempted possession with intent to distribute a controlled substance and carrying a firearm during a drug trafficking offense. (Doc. No. 5-2, Attachment 1) It is alleged that Salvi on several occasions stole drugs from his Melrose Park Police Department evidence room and sold them for cash. The Court placed Salvi on a $250,000 partially secured bond; his supervised pretrial release included home detention with electronic monitoring. (*Id.*; *see also* Doc. No. 5-2, Attachments 4 and 5)

Salvi pleaded guilty to both counts, and the Illinois federal court sentenced him to a total term of 132 months imprisonment (72 months on count one and 60 months on count two, to be served consecutively). (Doc. No. 5-2, Attachment 2) He was ordered to surrender to the United States Marshal on August 18, 2017, at 10:00 a.m. *Id.* The Court subsequently modified Salvi's self-surrender date to August 28, 2017 at 10:00 a.m. (Doc. No. 5-2, Attachment 6) Salvi voluntarily surrendered on August 28, 2017, to the Bureau of Prisons Forrest City, Arkansas facility. (Doc. No. 5-2, Attachment 7)

II.

The Bureau of Prisons has exclusive jurisdiction to determine sentence credit issues. *See United States v. Wickman*, 955 F.2d 592, 593 (8th Cir. 1992) (en banc) (per curiam). Title 18 U.S.C. § 3585(b) provides that a defendant must generally "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Before the commencement of Salvi's federal sentence, an Illinois federal court "released" him on bail and ordered him to home detention with electronic monitoring. The question presented is whether Salvi was in "official detention,"

and thus entitled to a sentence credit under § 3585(b) during the time he spent in home detention. The Court holds that he was not.

Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

(a) Commencement of Sentence.—

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In *Reno v. Koray*, 515 U.S. 50, 56 (1995), the United States Supreme Court agreed with the Government that the phrase "official detention" in § 3585(b) referred "to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." "A defendant admitted to bail on restrictive conditions, as [Salvi] was, is 'released.'" *Id.* at 57. House arrest as a condition of pre-trial release does not constitute "'official detention' within the meaning of § 3585(b)." *United States v. Wickman*, 955 F.2d at 593. *See also Starchild v. Federal Bureau of Prisons*, 973 F.3d 610, 611 (8th Cir. 1992) (a private residence is not a jail-type facility; Starchild not entitled to a credit towards his

3

sentence for time spent on bond under a "highly restricted house arrest," where he alleged his house was turned into the functional equivalent of a jail because he was not allowed to leave the house except to go to the probation office or court and his two custodians, responsible to the court for his supervision, were required to be with him twenty-four hours per day); *United States v. Harris*, 318 Fed. App'x 444, 446 (8th Cir. 2009 (citing *United States v. Wickman*, 955 F.3d at 593) ("house arrest imposed as a condition of pre-trial release is not 'official detention' within the meaning of [18 U.S.C.] § 3585(b)"). Salvi's federal sentence commenced on August 28, 2017, when he arrived voluntarily to commence service of his sentence at the Forrest City, Arkansas facility. The Bureau of Prisons prepared a sentence computation for Salvi, giving him prior jail time credit for his time spent in custody from April 2015-May 2015. The Bureau has properly denied Salvi credit for time not spent in official detention.

### III.

Salvi's Traverse suggests he also seeks a sentence reduction and compassionate release due to his health and safety concerns related to COVID-19. Venue is not proper in this district or circuit. 28 U.S.C. § 1391(b)(1)-(2); 28 U.S.C. § 1406(a); *Cf. In re Nine Mile Limited*, 673 F.2d 242 (8th Cir. 1982). As noted previously, Salvi was convicted and sentenced in the Northern District of Illinois. "[A]lthough compassionate release might impact the fact or duration of a prisoner's sentence, § 2241 and the compassionate release statute impose conflicting jurisdictional requirements. Section 2241 petitions must be brought

in the district where the prisoner is confined, whereas compassionate release issues must be brought before the sentencing court." *See Waters v. Rios*, 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017). Salvi's district of confinement and sentencing court are different. Thus, the Court will not reach the merits of this claim because it has determined that it lacks jurisdiction to address Salvi's plea for compassionate release, and the interests of justice would best be served by leaving the door open for Salvi to return to the Illinois sentencing Court to seek compassionate-release redress.[1]

IV.

For the reasons outlined above, the Court finds the Petition for Writ of Habeas Corpus (Doc. No. 1) is denied and dismissed with prejudice.

SO ORDERED this 8th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] There are conflicting authorities on whether § 2241 is or may be an appropriate vehicle for an inmate's request for compassionate release, with several courts addressing issues related to compassionate release presented in habeas petitions without directly considering whether that was the appropriate vehicle to do so. In this instance, the Court need not address whether § 2241 is an appropriate vehicle because Salvi was not sentenced in this district, and Court finds it lacks jurisdiction.